**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>CHRISTOPHER BRIAN ROE,<br><br>Defendant. | Criminal Action No. 23cr277 (CKK) |

**MEMORANDUM OPINION AND ORDER**
(March 1, 2024)

This matter is set for sentencing on March 5, 2024. On November 2, 2023, Defendant entered into a plea agreement on Counts One, Three, and Five in the Indictment, charging him with three counts of Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1). In response to the draft Presentence Report prepared in this case, Defendant objected to the 3-point "brandishing a dangerous weapon" enhancement imposed pursuant to U.S.S.G. §2A2.2(b)(2)(C). *See* Plea Agreement, ECF No. 21, at 3 (indicating this 3-point enhancement); Presentence Report ("PSR"), ECF No. 24, at ¶ 34 (same). This enhancement was applied based upon Mr. Roe having carried a pitchfork during his participation in the January 6, 2021 attack on the United States Capitol.

Mr. Roe relies upon a portion of an application note in the commentary to U.S.S.G. §2A2.2 when he argues that the pitchfork he carried was not a dangerous weapon because he did not use it "with the intent to commit bodily injury." *See* PSR, ECF No. 24, at 22 (explaining Defendant's objection and the Probation Office response thereto). Defendant asserts that because there was no intent to commit bodily injury with the pitchfork and it was not used in any manner ruing the incident involving [police] Officer R, the pitchfork does not meet the definition of dangerous

1

weapon. *See* PSR, ECF No. 24, at 22.

The Government contends, and this Court agrees, that "Roe, however, fails to grapple with the complete definition of a dangerous weapon." Govt. Sentencing Memorandum, ECF No. 26, at 24. That same application note indicates first and foremost that "dangerous weapon" has "the meaning given that term in §1B1.1, Application Note 1," before noting that this includes instruments not ordinarily used as weapons, such as a car or chair, if the instrument is involved in the offense with the intent to commit bodily injury [presumably, as opposed to being used for its ordinary purpose].

The Court relies on the clear definition of "dangerous weapon" in Section 1B1.1, Application Note 1, where it is first defined as "an instrument capable of inflicting death or serious bodily injury" and alternatively defined as an object that is "not an instrument capable or inflicting death or serious bodily injury but closely resembles such an instrument." *See* U.S.S.G. §1B1.1, commentary (n.1(E)) (containing no mention of intent to commit bodily injury). In the instant case, the pitchfork carried by Defendant was metal and had pointed tips, which functionally made it a weapon capable of causing four stab wounds simultaneously, and therefore, capable of inflicting serious bodily injury. Accordingly, the Court finds that the pitchfork meets the definition of a dangerous weapon for purposes of application of U.S.S.G. §2A2.2(b)(2)(C).

Roe argues next that the pitchfork was not "brandished." The commentary for U.S.S.G. §2A2.2(b)(2)(C) indicates that "brandished" has the meaning "given [that] term[] in §1B1.1(Application Instructions), Application Note 1." *See* U.S.S.G. §2A2.2(b)(2)(C), commentary (n.1). Turning again to the definitions in U.S.S.G. §1B1.1, "brandished" with reference to a dangerous weapon means that "all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, in order to intimidate that

person, regardless of whether the weapon was directly visible to that person." U.S.S.G. §1B1.1, comment (n.1(C)). In this case, there can be no dispute that all or a part of the pitchfork was displayed, as the pictures and videos proffered by the Government indicate that Defendant carried the pitchfork in a way that it was visible to others, and he held the pitchfork high in the air at times. *See, e.g.,* Figures 2 and 3 in Government Sentencing Memorandum, ECF No. 26. Roe's assertion that he held the pitchfork as a symbolic gesture, PSR, ECF No. 24, at 22, does nothing to negate that the pitchfork was displayed in full or in part, and accordingly, the definition of brandished is satisfied.

The Court having concluded that the pitchfork carried by Defendant was a dangerous weapon that was brandished, it is this 1st day of March 2024,

ORDERED that the Defendant's objection to application of the 3-point enhancement for brandishing a dangerous weapon is DENIED.

*/s/ Colleen Kollar-Kotelly*
COLLEEN KOLLAR-KOTELLY
UNITED STATES DISTRICT JUDGE